**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Thomas SUAREZ,
Defendant–Appellant.**

**No. 88–1145.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1989.

Decided May 16, 1990.

---

J.E. Ring Smith, Las Vegas, Nev., for defendant-appellant.

Thomas R. Green, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before CHAMBERS, CANBY and NORRIS, Circuit Judges.

CANBY, Circuit Judge:

Juan Thomas Suarez appeals the district court's denial of his motion to suppress evidence. Suarez entered a conditional plea of guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Suarez contends that the warrantless search of his apartment was conducted without probable cause and absent exigent circumstances. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse.

1. *Probable Cause and Exigent Circumstances*

We accept the findings of fact made by the district court as not clearly erroneous. We review *de novo* the motion to suppress, and the existence of probable cause and exigent circumstances. *United States v. Howard,* 828 F.2d 552, 554 (9th Cir.1987)

For the reasons stated by the district judge, the agents [1] had probable cause to search Suarez's premises when they activated the garage door opener. Nevertheless, "[e]ven the existence of probable cause, without more, does not validate a warrantless entry into a *residence.*" *United States v. Delgadillo-Velasquez,* 856 F.2d 1292, 1298 (9th Cir.1988) (emphasis in

---

1. This operation was conducted by agents of the Drug Enforcement Agency as well as detectives from the North Las Vegas Police Department. For purposes of this opinion, we refer to the participants collectively as "agents."

original). The government bears the additional burden of showing the existence of exigent circumstances by particularized evidence in order to justify a departure from the normal procedure of obtaining a warrant. *See United States v. Alvarez,* 810 F.2d 879, 881 (9th Cir.1987). Here, the government has not met this burden.

■ The arresting agents attempted to justify the search as necessary to protect their personal safety. To justify such a protective search, the agents must point to "specific and articulable facts supporting their belief that other dangerous persons may be in the building or elsewhere on the premises." *United States v. Whitten,* 706 F.2d 1000, 1014 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). Here, the government has not shown that the agents possessed more than a mere subjective belief that danger existed. *Delgadillo–Velasquez,* 856 F.2d at 1298.

■ Moreover, the government has not presented sufficient evidence to indicate that the agents had a reasonable belief that Suarez had any codefendants in his apartment who could destroy evidence. There is no testimony in the record that any agent ever observed anyone other than Gonzalez at Suarez's apartment. In addition, when detained by the agents, Suarez did nothing to alert any confederates. Because the agents merely speculated that cocaine was present and that there was an imminent danger that it would be destroyed, they have failed to show exigent circumstances to justify the search of Suarez's apartment.[2] *See United States v. Driver,* 776 F.2d 807, 811 (9th Cir.1985).

■ Finally, the record indicates that the agents could have obtained a warrant to search Suarez's apartment before his arrest. The agent in charge of the operation testified that he could have arranged for a magistrate to issue a warrant once he determined which apartment Gonzalez was entering. In fact, the surveillance agent knew which apartment in the complex belonged to Suarez and could have communicated that information in time to obtain a warrant. Alternatively, the arresting agents could have secured Suarez's apartment until they obtained a warrant. *See, e.g., Segura v. United States,* 468 U.S. 796, 801, 104 S.Ct. 3380, 3383, 82 L.Ed.2d 599 (1984).

Because there was no sufficient showing of exigent circumstances, the district court erred in denying Suarez's motion to suppress, even though the agents had probable cause. *Delgadillo–Velasquez,* 856 F.2d at 1298.

### 2. *Consent to Search*

■ As the government correctly concedes, absent a finding of exigent circumstances, Suarez's consent was invalid. The illegal entry unconstitutionally tainted his subsequent consent to search. *See United States v. Howard,* 828 F.2d 552, 556 (9th Cir.1987). Accordingly, we need not consider whether Suarez's consent would otherwise be regarded as voluntary. *See id.*

REVERSED AND REMANDED.[3]

CHAMBERS, Circuit Judge, dissenting:

While I do not write out a lengthy dissent, I feel that every test was met by the government to excuse the absence of a search warrant. I worried for some time about the officers opening the garage door of the lean-to garage with Suarez's electronic door bug. But it was a common garage for several cars of several people, where the majority of the cases seem to

---

**2.** The government argues that it was reasonable for the officers to believe that Gonzalez's failure to return to Suarez's apartment after the transaction would put Suarez on notice that something had gone wrong, allowing him to destroy evidence before the agents could obtain a warrant. We understand this concern, but again see no specific evidence to indicate that it was standard procedure for Gonzalez to meet Suarez immediately after each sale. Though Gonzalez returned to the apartment following one of the transactions, he did not after the other.

**3.** We are aware of the Supreme Court's recent decision in *New York v. Harris,* — U.S. —, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). The majority thinks that decision does not impair its foregoing opinion. The dissenter believes that it supports his dissent.

hold that no one user occupant has a reasonable expectation of privacy in common hallways or multiple garages.

But, if I had the votes, I would remand the case for further hearing on the scuffle that occurred after the garage door had been opened, and after Suarez had invited the officers into the house. Suarez was handcuffed. This could have vitiated the invitation to come in and to search. This point was never reached in the trial court or in the appellant's brief. Never having voted for rough stuff, I would like to see that examined in the district court.

Also, I am troubled by this. Accompanying Suarez's Motion to Suppress, he made an affidavit saying, inter alia, as follows:

"2. That your affiant did not consent to any entry into the garage or the garage area located at 574 Roxella Lane, # C, Las Vegas, Nevada on or about October 7, 1987, by any law enforcement officer;

3. That your affiant did not consent to any search of the premises or any area within said premises located at 574 Roxella Lane, # C, Las Vegas, Nevada, on or about October 7, 1987, by any law enforcement officer;

4. That your affiant was not advised of his Miranda Rights at any time at the aforementioned premises; that he was read his Miranda Rights for the first time on October 7, 1987 at the office of the Drug Enforcement Agency; that this advisement occurred after your affiant had been transported in custody from the aforementioned premises;"

On a de novo review of the evidence, as we do in this sort of case, isn't there a lot of falsity in these three paragraphs? Aren't we entitled to draw some inferences from the falsity thereof? Shouldn't the district attorney be concerned about these verified statements?

Otherwise, I rely on the district court's opinion and order. (See *U.S. v. Suarez*, 729 F.Supp. 1269 (D.Nev.1987.)