**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Thomas SUAREZ, Defendant–Appellant.**

**No. 88–1145.**

United States Court of Appeals, Ninth Circuit.

July 25, 1990.

Before CHAMBERS, CANBY, and NORRIS, Circuit Judges.

## SUPPLEMENT TO DISSENTING OPINION OF MAY 16, 1990

CHAMBERS, Circuit Judge, concurring in reversal:

In this case I dissented on May 16, 1990. *U.S. v. Suarez*, 902 F.2d 1466 (9th Cir. 1990). I now change my mind and concur in the result, but on a different ground from the majority.

In my change of mind, I find that I misstated the facts, at least partially.

A closer examination of the record convinces me that the officers of the government felt they had Suarez himself, the keeper of the cache, when they handcuffed him. Maybe they had sufficient facts, but they seem to have failed to prove the point. This leads me to concur in the result.

I thank the parties for calling to our attention, by stipulation, the fact that the scene of the detention was a one-car garage and not a four-car common garage.

Perhaps, in the above, I may have only obscured my point. But here it is again. If the officers had asked Suarez if he was the owner of the van which they had taken away from Gonzales, they would have surely known they were talking to the man they wanted to talk to and whose premises they wanted to search. But, on the record, it might have been possible that the man was a visitor to the premises or even a burglar. I know of no presumption that a man who answers a horn blowing from the outside, without more, is the Lord of the Manor from which he emerges.

I have a hunch that the officers probably asked the man before them if he was Suarez, and that the man before them answered that he was. But the record is bare on this. And, we don't handcuff a man on a hunch and throw him to the ground. Also, I attach some importance to this: The registration slip showed the van to be registered to Juan Suarez at 2815 Stamas Drive, and not 574 Roxella Lane, # C.

I still thoroughly believe most of Suarez's testimony to support his affidavit on the motion to suppress was suspect.* For example, Suarez says in paragraphs 3 and 4 of his affidavit, which is in our record, as follows:

"3. That your affiant did not consent to any search of the premises or any area within said premises located at 574 Roxella Lane, # C, Las Vegas, Nevada, on or about October 7, 1987, by any law enforcement officer;

"4. That your affiant was not advised of his Miranda Rights at any time at the aforementioned premises; that he was read his Miranda Rights for the first time on October 7, 1987, at the office of the Drug Enforcement Agency; that this advisement occurred after your affiant had been transported in custody from the aforementioned premises;"

---

* Affidavit in Support of Motion to Suppress, filed Nov. 20, 1987, CR–S–282, U.S. District Court for the District of Nevada.

*Alabama v. White,* —— U.S. ——, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), makes our case a close case on the entry, but I believe the lack of identification throws our case the other way.

As above stated, I concur in the result reversing the conviction.