30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel BURRUEL-LEON, Defendant-Appellant.
 No. 93-10371.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1994.
Decided Aug. 2, 1994.
 
 1
 Before: NORRIS and O'SCANNLAIN, Circuit Judges, and COUGHENOUR,** District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Following his conviction for possession with intent to distribute marijuana, 21 U.S.C. Sec. 841(a)(1), defendant Burruel-Leon appeals the district court's denial of his motion to suppress. We AFFIRM.
 
 BACKGROUND
 
 4
 On the basis of detailed information about a drug shipment provided by a confidential informant, U.S. Customs agents followed a pick-up truck to a two-unit apartment building at 19 West President Street in Tucson, Arizona. The truck pulled into a fenced area next to the apartments, and parked about two to three meters from the building. Defendant Burruel-Leon was driving the truck. Over the next forty minutes, from 8:20 a.m. until 9:00 a.m., eight agents surveilled the vehicle from the ground, while a U.S. Customs aircraft maintained aerial surveillance. The agents observed individuals and vehicles coming and going from the area immediately around the truck. Because of their inability to maintain constant visual contact with these vehicles and individuals, the agents became concerned that the marijuana might be destroyed or moved.
 
 
 5
 At 9:00 a.m., the agents met to formulate a plan to secure the area. The agents had access to a phone, but did not attempt to obtain a telephonic search warrant. At 9:30 a.m., the agents donned their raid gear and, with weapons drawn, entered the fenced area. Once inside the fence, the agents announced themselves. Several individuals stood still, but defendant fled behind the building. During the pursuit, an agent observed defendant behind an ajar door in one of the apartments. After defendant refused to obey commands to come out, the agent entered the dwelling and physically removed him. A protective sweep of the apartment located several other individuals who were also taken outside. After being Mirandized, defendant signed a waiver form. After questioning defendant, an agent requested permission to search the premises and defendant consented in writing. The search turned up 18 packages of marijuana, $1400 in cash, a 9mm automatic pistol, and two AK-47 magazines. In addition, agents detected an odor of marijuana coming from the white plastic bags in the bed of the pick-up truck. The bags consisted of ten bundles of marijuana.
 
 
 6
 The district court denied defendant's motion to suppress evidence obtained from his apartment and the truck. Defendant subsequently pled guilty to possession with intent to distribute, but reserved the right to appeal the denial of his motion to suppress.
 
 DISCUSSION
 
 7
 * Defendant argues that the evidence obtained in his apartment should have been suppressed because no exigent circumstances justified the agents' warrantless entry to secure the premises. We review de novo the district court's determination of the validity of a warrantless entry into a residence. United States v. Lai, 944 F.2d 1434, 1441 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992); United States v. McConney, 728 F.2d 1195, 1205 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). A warrantless entry into a residence is per se unreasonable under the Fourth Amendment unless the circumstances fall within an established exception such as exigent circumstances.[1] United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir.1988); United States v. Howard, 828 F.2d 552, 554 (9th Cir.1987).
 
 
 8
 For the exigent circumstances exception to apply, the government must show (1) probable cause to secure the residence, and (2) the existence of exigent circumstances. United States v. Lindsey, 877 F.2d 777, 780 (9th Cir.1989). "As part of the second requirement, the government must also show that a warrant could not have been obtained in time." Id. Exigent circumstances are defined as "those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." McConney, 728 F.2d at 1199.
 
 
 9
 Defendant does not contest that the agents had probable cause to secure the residence. However, he does argue that the government has not met its burden of demonstrating that exigent circumstances "justified a departure from the normal procedure of obtaining a warrant." Delgadillo-Velasquez, 856 F.2d at 1298 (quoting United States v. Alvarez, 810 F.2d 879, 881 (9th Cir.1987)). We disagree.
 
 
 10
 The government has established, with "particularized evidence," United States v. Suarez, 902 F.2d 1466, 1468 (9th Cir.1990), the agents' reasonable belief that contraband was being distributed or destroyed within the residence: (1) agents in the ground surveillance team observed that many vehicles and people were coming and going from the area around the truck; (2) agents in both the ground and the aerial surveillance teams reported difficulty maintaining direct contact with the truck and the surrounding area; and (3) the agents believed that the suspects may have discovered their presence. In addition, the government points out that the "agents' decision to enter and secure the premises was supported by many years of collective law enforcement experience that the court is required to consider." Government Brief at 12 (citing United States v. Castillo, 866 F.2d 1071, 1080 (9th Cir.1988)).[2]
 
 
 11
 Furthermore, the agents' failure to attempt to obtain a telephonic warrant is not dispositive of the exigent circumstances inquiry. We have recognized that "obtaining a telephonic warrant is not an easy task." United States v. Tarazon, 989 F.2d 1045, 1050 n. 3 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993). We thus have upheld searches without a telephonic warrant where the searches were conducted within 60 and 30 minutes of the onset of exigent circumstances. Id. at 1050 (30 minutes); United States v. Andersson, 813 F.2d 1450, 1455 (9th Cir.1987) (60 minutes). Here as in Andersson, the agents "were involved in a rapidly unfolding series of events." Andersson, 813 F.2d at 1455. Agents could not maintain constant surveillance of the truck, saw many vehicles and persons coming and going from the truck's immediate vicinity, and reasonably believed that the contraband was being "pieced out[ ] from under them." RT 2/22/93 101. The agents decided at 9:00 a.m. that they needed to secure the residence. They met, planned, and at 9:30 a.m. entered the premises. Andersson and Tarazon control here: the agents reasonably concluded that time constraints prevented them from attempting to obtain a telephonic warrant. Accordingly, we hold that exigent circumstances justified the agents' warrantless search of defendant's apartment.
 
 II
 
 12
 Next, we must decide whether the district court erred in refusing to suppress the ten bundles of marijuana seized from the pick-up truck. The government argues that the plain view doctrine justified the warrantless search of the truck. The plain view doctrine permits admission of evidence seized from a vehicle without a warrant if (1) the officers were lawfully on the premises and (2) the evidentiary character of the item was immediately apparent. Horton v. California, 496 U.S. 128, 136-37 (1990). Defendant does not contest that the evidentiary value of the truck's contents was immediately apparent.
 
 
 13
 Defendant does, however, challenge the government's position that the agents were lawfully in a position to view the bundles because "exigent circumstances" justified the "initial warrantless entry onto the property." Government Brief at 17 (citing Horton, 496 U.S. at 135 (seizure is legitimate "[w]here the initial intrusion that brings the police within plain view of [1 ] an article is supported ... by one of the recognized exceptions to the warrant requirement")). We agree with the government's plain view argument based upon our holding that exigent circumstances existed: the agents were lawfully in a position to view the truck's contents. Accordingly, we hold that the district court did not err in admitting into evidence the marijuana seized from the truck.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Hon. John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This protection extends to the curtilage of the residence, an area defined by a reasonable expectation that the area in question should be treated as the home itself. United States v. Dunn, 480 U.S. 294, 300 (1987). The government does not contest defendant's claim that he had a constitutionally protected reasonable expectation of privacy in the two to three meter area immediately surrounding his apartment, as well as the area located within the fence where the truck was parked
 
 
 [2]
 The government argues that only "mild exigency" is required when entry can be accomplished without physical destruction of property. Government Brief at 10 (citing Lai, 944 F.2d at 1442; McConney, 728 F.2d at 1206). However, this principle only applies when the police have announced themselves and requested admission before entering a protected area. See Lai, 944 F.2d at 1442; McConney, 728 F.2d at 1206. In this case, the government concedes that the agents announced their presence only after they had stormed onto the premises with their weapons drawn. Government Brief at 6