UNITED STATES of America, Plaintiff–Appellee,

v.

John David HOTAL, Defendant–Appellant.

No. 97–10302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1998.

Decided May 11, 1998.

Arthur L. Allen, Asst. Federal Public Defender, Las Vegas, Nevada, for defendant-appellant.

M. Craig Wolf, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: CHOY and REINHARDT, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*

REINHARDT, Circuit Judge:

This case involves the question whether an anticipatory search warrant that may be executed only after certain conditions are met but that fails to specify the conditions in the warrant violates the Fourth Amendment. John David Hotal was convicted of two counts of receiving and possessing child pornography. He appeals his conviction, contending, inter alia, that the district court erred by not suppressing evidence that the government obtained in its search of his residence. We conclude that the search was invalid and, therefore, reverse Hotal's conviction.[1]

## I. Background

On January 23, 1996, United States Postal Inspector Rhonda Bowie applied for a search warrant for Hotal's residence. In her affidavit in support of the application, Bowie stated that on January 24, 1996, at approximately 1:00 p.m., a package containing two videotapes of child pornography would be delivered to Hotal at his residence.[2] The affidavit further stated that the

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

1. Because we reverse the conviction on the ground of the erroneously admitted evidence, we do not reach Hotal's claims of improper jury instruction and sentencing error.

2. Hotal had requested the videotapes in response to a mailed offer that was part of a government sting operation.

package will be kept under surveillance by [Bowie] and/or other law enforcement officers until it is received at the residence.... Once received by an individual at the residence described and only when brought into the residence, this search warrant will be executed by Inspectors of the United States Postal Inspection Service, with appropriate assistance from other law enforcement officers in accordance with this warrant's commands.

A magistrate issued a search warrant that directed any special agent of the United States Postal Inspection Service or other authorized representative to "search forthwith" the premises described in the warrant. The warrant, which stated that Bowie's affidavit was attached and incorporated by reference, did not state that it was an anticipatory search warrant nor did it refer to the event necessary to trigger its execution. It authorized the seizure of two tapes to be delivered; records relating to the purchase of the videotapes; and other "videotape cassettes containing visual depictions of minors engaged in sexually explicit conduct."

On January 24, 1996, Bowie delivered the videotapes to Hotal, who signed for them and brought them inside his residence. Several minutes later, Bowie and five other law enforcement officers entered with the warrant. There is no evidence in the record that they brought the affidavit with them or that the affidavit in any manner accompanied the warrant. The officers seized items specified in the warrant and, upon finding what they believed to be child pornography not specified in the warrant, asked Hotal to sign a general "consent to search" form, which he did. Ultimately, the officers seized numerous magazines, videotapes, and polaroid pictures from Hotal's residence.

Hotal was charged with the receipt of the two videotapes, in violation of 18 U.S.C. § 2252(a)(2), and with the possession of three magazines and two polaroid pictures, in violation of 18 U.S.C. § 2252(a)(4)(B). Prior to trial, he moved to suppress the evidence obtained in the search on a number of

grounds, including that the warrant failed to specify that it was not to be executed until after the delivery of the videotapes. The district judge denied the motion, and the jury found Hotal guilty on both counts. This appeal followed.

## II. Analysis

Hotal contends that the search warrant was unconstitutional because it did not specify the condition on which the execution of the warrant depended, namely, the delivery of the videotapes to Hotal at his residence. The government, however, contends that the search warrant was constitutionally sufficient because it incorporated Bowie's affidavit, which described the triggering event.

 At the outset we must emphasize that there is simply no evidence in the record that Bowie's affidavit actually accompanied or was attached to the warrant at the time of the search. At the district court and on appeal Hotal has argued that the warrant was invalid because it did not specify the triggering event; however, at no time has the government offered any evidence to show—or even made the argument—that the Bowie affidavit accompanied or was attached to the warrant at the time the warrant was executed.[3] Absent any such evidence, the fact that the warrant states that the affidavit is both attached and incorporated by reference is insufficient to permit us to conclude that the affidavit accompanied the warrant at the time of the search. In *United States v. McGrew*, we decided this precise question, and held that an affidavit could not "cure" a warrant that both incorporated it and referred to it as "attached," when the government had offered no evidence that the affidavit had accompanied the warrant at the time of the search. 122 F.3d 847, 849–50 (9th Cir.1997); *see United States v. Van Damme*, 48 F.3d 461, 465–66 (9th Cir.1995) (finding warrant that referenced attachment to be insufficient when .government presented no evidence that attachment accompanied war-

---

**3.** The government had ample opportunity to elicit this testimony during the suppression hearing.

Although the original search warrant is not part of the district court record, Hotal included a copy of the warrant, with no attachments, as an

exhibit to his motion to suppress and in the excerpts of record on appeal. At no time has the government contended that the warrants submitted by Hotal are missing an attachment or otherwise incomplete.

rant at time of search); *cf. United States v. Towne,* 997 F.2d 537, 544 (9th Cir.1993) (remanding for determination whether to consider attachment when government offered declaration stating that attachment had accompanied warrant). Accordingly, we find that the search warrant failed to identify the triggering event necessary for its execution.

■ We now address the constitutionality of the warrant. We have consistently required search warrants to be sufficiently particular in order to safeguard "the right to be free from unbounded, general searches." *McGrew,* 122 F.3d at 849 (9th Cir.1997) (citation omitted). We have found warrants to lack sufficient particularity when they have failed to specify the items to be seized, *see United States v. Kow,* 58 F.3d 423, 427 (9th Cir.1995), or the location to be searched, *see United States v. Robertson,* 833 F.2d 777, 783 (9th Cir.1987). We have not, however, previously addressed whether an anticipatory search warrant lacks sufficient particularity when it does not identify the event on which the execution of the warrant is conditioned and when instead it erroneously authorizes the search "forthwith."[4]

Other circuits have directly addressed this issue. The First Circuit rule is that anticipatory search warrants must set forth the conditions to be met and that those conditions must be " 'explicit, clear, and narrowly drawn.' " *See United States v. Gendron,* 18 F.3d 955, 965 (1st Cir.1994) (quoting *United States v. Ricciardelli,* 998 F.2d 8, 12 (1st Cir.1993)). Under this rule the First Circuit has held a warrant to be fatally defective when it explicitly conditioned its execution on the defendant's receipt of a videotape but failed to specify that the tape actually had to arrive at the place to be searched. *Id.; cf. Gendron,* 18 F.3d at 967 (finding warrant containing conditioning language similar to warrant in *Ricciardelli* to be valid when there was no question that videotape would be received at residence named in warrant). Accordingly, the First Circuit requires that an anticipatory search warrant must, on its face, specifically identify the triggering event in such a way as to leave "as little as possible

to the discretion of the agent executing the warrant." *Ricciardelli,* 998 F.2d at 13.

On the other hand, the Second Circuit has held that

> an anticipatory warrant is valid even though it does not state on its face the conditions precedent for its execution when 1) clear, explicit, and narrowly drawn conditions for the execution of the warrant are contained in the affidavit that applies for the warrant application, and 2) those conditions are actually satisfied before the warrant is executed.

*United States v. Moetamedi,* 46 F.3d 225, 229 (2nd Cir.1995). The Sixth, Seventh, Eighth, and Tenth Circuits have also addressed this issue and adopted identical or similar views. *See United States v. Rey,* 923 F.2d 1217, 1221 (6th Cir.1991); *United States v. Dennis,* 115 F.3d 524, 529 (7th Cir.1997) (following *Moetamedi* ); *United States v. Tagbering,* 985 F.2d 946, 950 (8th Cir.1993); *United States v. Hugoboom,* 112 F.3d 1081, 1086–87 (10th Cir. 1997) (following *Moetamedi* ). Although some of these circuits have suggested that it would be more "efficient" or preferable for an anticipatory warrant to state on its face the conditions necessary for its execution, *see, e.g., Hugoboom,* 112 F.3d at 1086; *Moetamedi,* 46 F.3d at 229; *Rey,* 923 F.2d at 1221, none has found the failure to do so to constitute a Fourth Amendment violation.

We conclude that the First Circuit's view that, when a warrant's execution is dependent on the occurrence of one or more conditions, the warrant itself must state the conditions precedent to its execution and these conditions must be clear, explicit, and narrow, is more consistent with our prior precedent than the law of some of the other circuits. We agree with the First Circuit that

> a warrant conditioned on a future event presents a potential for abuse above and beyond that which exists in more traditional settings: inevitably, the executing agents are called upon to determine when and whether the triggering event specified in the warrant has actually occurred. Consequently, magistrates who are asked

---

4. In *United States v. Ruddell,* we upheld the validity of an anticipatory search warrant that expressly conditioned its execution upon the controlled delivery of a videotape. 71 F.3d 331, 333 (9th Cir.1995). *Ruddell* did not address the validity of an anticipatory search warrant that failed to contain the relevant conditioning language.

to issue such warrants must be particularly vigilant in ensuring that the opportunities for exercising unfettered discretion are eliminated.

*Ricciardelli,* 998 F.2d at 12. The warrant's identification of the triggering event is not merely "efficient" or preferable; it is indeed the only way effectively to safeguard against unreasonable and unbounded searches. We do not suggest, however, that the triggering conditions must appear on the face of the warrant rather than on the face of an attached affidavit that accompanies it. We conclude only that the necessary conditions must appear in the court-issued warrant and attachments that those executing the search maintain in their immediate possession in order to guide their actions and to provide information to the person whose property is being searched.

Our holding is consistent with our long line of cases requiring that warrants be drafted with particularity. *See, e.g., United States v. McGrew,* 122 F.3d 847, 849 (9th Cir.1997); *United States v. Kow,* 58 F.3d 423, 427 (9th Cir.1995); *United States v. Robertson,* 833 F.2d 777, 783–84 (9th Cir.1987). " 'The purpose of the particularity requirement is to make general searches impossible. The evil to be prohibited is the exploratory rummaging in a person's belongings.' " *United States v. Towne,* 997 F.2d 537, 548 (9th Cir. 1993) (internal citations omitted). Particularized descriptions serve the purposes of, first, ensuring that the "discretion of the officers executing the warrant is limited," *id.,* and, second, informing the person subject to the search of what items are authorized to be seized. *McGrew,* 122 F.3d at 850. It is equally important to ensure that all parties be advised when the search may first take place, and the conditions upon the occurrence of which the search is authorized and may lawfully be instituted. Requiring anticipatory warrants to set forth the triggering event serves all of these purposes. Indeed, our particularity requirements with respect to other aspects of the warrant would serve little purpose if the warrant could be executed without regard to whether the triggering event has actually occurred; for example, if a place named in a warrant may only be

searched if certain conditions have occurred at that place, the warrant's description of the place, without more, would not serve properly to curb the discretion of the officers or to advise adequately the property owner, absent the specification of these conditions.

The rule adopted by the Second Circuit and some of the other circuits fails to meet any of the concerns set forth in our past cases. The first requirement, that the application but *not* the warrant itself identify the triggering event, does little if anything to limit the discretion of the agents executing the warrant or to inform the subject of the search whether it is authorized, if the affidavit does not accompany the warrant. Indeed, that the applicant and the magistrate may understand the parameters of the search has no bearing on whether the officers executing the warrant do, or whether the person to be searched is properly advised of their authority.

Similarly, the second—and after-the-fact—requirement, that the triggering event actually have occurred, does nothing to validate the warrant. Whether a *search warrant* is constitutional does not depend on the accidental possibility that the search may ultimately be conducted in a manner consistent with the application. If a warrant fails for lack of particularity or specificity, it is simply unconstitutional—without regard to what actually occurred. Indeed, our past holdings on particularity have always turned on the language contained in the warrant—*not* on what was actually seized. *See id.* at 850 n. 5 (noting that "good faith exception" is not available, even when "the agents confine their search to the scope of the affidavit" submitted in support of application). For these reasons, we hold that, in order to comply with the Fourth Amendment, an anticipatory search warrant must either on its face or on the face of the accompanying affidavit, clearly, expressly, and narrowly specify the triggering event. The warrant used to search Hotal's residence failed to do so—in fact, it failed even to identify that it was an anticipatory search warrant.[5] Accordingly, the evidence seized pursuant to the warrant must be suppressed.[6]

---

**5.** We do not reach the question whether the warrant was also defective for other reasons.

**6.** The government does not contend that a "good faith" exception to the exclusionary rule applies.

**1228**

Because we conclude that the initial entry was impermissible and that the evidence seized pursuant to the warrant must be suppressed, *all* of the other evidence seized must also be suppressed. Consent to search that is given after an illegal entry is tainted and invalid under the Fourth Amendment. *United States v. Suarez*, 902 F.2d 1466, 1468 (9th Cir.1990); *United States v. Howard*, 828 F.2d 552, 553 (9th Cir.1987). Accordingly, all of the items seized pursuant to the consent form, including those forming the basis of the second count, must be suppressed. For the same reason, the government's argument that the seizure of the additional items was proper under the "plain view" doctrine, fails. The "plain-view" doctrine does not apply unless the initial entry is lawful, either pursuant to a valid warrant or under one of the recognized exceptions to the warrant requirement. *See Horton·v. California*, 496 U.S. 128, 139–40, 110 S.Ct. 2301, 2309–10, 110 L.Ed.2d 112 (1990).[7] Neither of these circumstances was present in this case.

The government has not argued, nor does the record indicate, that introduction of the seized evidence was harmless error. Accordingly, we reverse Hotal's conviction.

REVERSED AND REMANDED.

---

See *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Nor would any such argument be successful. *See McGrew*, 122 F.3d at 850.

7. In *United States v. Van Damme*, we concluded that the search warrant at issue was insufficiently particular because it failed to identify what items were to be seized. 48 F.3d 461, 465 (9th Cir.1995). We held, however, that this conclusion would not require suppression of contraband in plain view on the grounds "that probable cause was established for issuance of the warrant, and that it adequately described the places to be searched." *Id.* at 466–67. We then re-

manded to the district court to determine which evidence had to be suppressed due to lack of particularity in the warrant and which could be admissible under the plain view doctrine.

The vice in the warrant in this case is different in nature from the *Van Damme* warrant's failure to identify the items to be seized. The warrant in this case failed to set forth the necessary conditions that permitted entry into Hotal's residence in the first place. Because the officers' entry into Hotal's residence pursuant to the unconstitutional search warrant was not lawful, the "plain·view" doctrine does not apply to any of the evidence seized.