Torr Mario DUCEY, Plaintiff—
Appellant,

v.

Matt MEYERS, Officer, member of the Yakima Police Department; Matt J. Lee, Officer, member of the Yakima Police Department, aka J. Lee; Westcoast Yakima Center Hotel; Kevin St Martin; John Bailey; City of Yakima, a municipal corporation, Defendants—Appellees.

No. 04–35050.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Aug. 4, 2005.

Darryl Parker, Esq., Premier Law Group PLLC, Seattle, WA, for Plaintiff—Appellant.

Robert L. Christie, Esq., Johnson Christie Andrews & Skinner, P.S., Theodore Lee Preg, Esq., Charmaine L. Clark, Esq., Preg O'Donnell & Gillett PLLC, Seattle, WA, and Helen A. Harvey, Esq., City of Yakima Legal Department, Yakima, WA, for Defendants—Appellees.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Plaintiff Torr Mario Ducey appeals the district court's grant of summary judgment in favor of defendants City of Yakima, Yakima police officer Lee, Westcoast Yakima Center Hotel ("Westcoast"), and Westcoast employees Kevin St. Martin and John Bailey. Ducey brought suit against the defendants under 42 U.S.C. § 1983 and Washington state law. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's rulings on all claims, except for the district court's grant of summary judgment to Officer Lee on the basis of qualified immunity.[1]

## I.

■ The district court did not abuse its discretion in denying Ducey's untimely motion to amend his complaint. The district court had a pre-trial scheduling order setting forth a deadline for amending pleadings. Pre-trial scheduling orders "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). This standard focuses on the diligence of the party seeking amendment. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

Ducey contends that good cause existed to amend his complaint to add new claims because the focus of his lawsuit changed once he was unable to serve Officer Meyers. Even so, Ducey should have been prepared to litigate this case in the absence of Officer Meyers in late 2002 or early 2003, when the time for serving Officer Meyers expired. *See* Fed.R.Civ.P. 4(m). Nevertheless, Ducey waited to amend his complaint until September 12, 2003, long after the time to serve Officer Meyers expired. This delay militated in favor of denial. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir. 2000) (finding that the plaintiffs' failure to amend their complaint for over a year after obtaining relevant information supported denial of their motion to amend under Rule 16). Similarly, granting the request in this case would have required reopening discovery. The potential prejudice to the defendants that would be caused by this delay supplies an additional reason for denying the motion. *See id.; see also Johnson,* 975 F.2d at 609 (recognizing that the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" under Rule 16).

## II.

■ The district court's grant of summary judgment in favor of the defendants on Ducey's conspiracy claim was proper. Private parties may be liable under 42 U.S.C. § 1983 where they willfully participate in joint action with state officials to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

deprive others of their constitutional rights. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989) (en banc). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

After viewing the evidence in the light most favorable to Ducey, *see Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc), we conclude that he failed to establish a triable issue of material fact on his conspiracy claim under § 1983. It is undisputed that Officers Meyers and Lee were investigating a report of an assault by an individual, later identified as Ducey. While the record shows that Westcoast employees aided in the investigation, there is nothing in the record from which to infer that Officers Meyers and Lee agreed with Westcoast employees to engage in any conduct that would deprive Ducey of his rights under the Constitution.

In all, Ducey failed to present a triable issue that Westcoast employees and Yakima police had a meeting of the minds to violate Ducey's constitutional rights. *See Fonda*, 707 F.2d at 439. Summary judgment on Ducey's conspiracy claim was therefore proper. *See id; see also United Steelworkers of Am.*, 865 F.2d at 1543.

### III.

■ The district court did not err in granting summary judgment in favor of the City of Yakima on Ducey's failure to train claim under 42 U.S.C. § 1983. Ducey did not present any evidence suggesting that Officer Meyers or Lee acted pursuant to an official policy or custom promulgated by the City of Yakima. *See*

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### IV.

■ Applying the ordinary framework for deciding motions for summary judgment, *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir.2004), we conclude that the district court erred in granting summary judgment to Officer Lee based on qualified immunity.

The determination whether a law enforcement officer is entitled to qualified immunity involves a two-step analysis. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In the first step, we must view the record in the light most favorable to the party asserting injury in determining whether the officer's conduct violated a constitutional right. *Id.* If the plaintiff establishes the violation of a constitutional right, we must next consider whether that right was clearly established at the time the alleged violation occurred. *Id.* The contours of the right must have been clear enough that a reasonable officer would have understood that what he was doing violated that right. *See Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Viewing the record in the light most favorable to Ducey, we conclude that a genuine issue of material fact exists as to whether Officer Lee violated Ducey's rights under the Fourth Amendment. A warrantless search or seizure inside a home is presumptively unreasonable under the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). This presumption extends to protect the legitimate expectation of privacy of the occupant of a hotel. *Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). It is

undisputed that Officer Lee entered Ducey's hotel room without an arrest or search warrant. We thus examine whether, viewed in the light most favorable to Ducey, the entry and arrest were supported by an exception to the warrant requirement.[2] *See id.* at 486, 84 S.Ct. 889 ("The search of the petitioner's room by the police officers was conducted without a warrant of any kind, and it therefore can survive constitutional inhibition only upon a showing that the surrounding facts brought it within one of the exceptions to the rule that a search must rest upon a search warrant." (internal quotation marks and citation omitted)).

Based on Ducey's affidavit, Officer Lee's entry was not supported by consent. According to the affidavit, there was no specific request to enter Ducey's room. Thus, Ducey's failure to object to the entry was insufficient to establish free and voluntary consent. *See United States v. Shaibu,* 920 F.2d 1423, 1428 (9th Cir.1990) ("[I]n the absence of a specific request by police for permission to enter a home, a defendant's failure to object to such entry is not sufficient to establish free and voluntary consent."). Officer Lee's reliance on *United States v. Griffin,* 530 F.2d 739 (7th Cir. 1976), is therefore misplaced. There, the defendant stepped back into his apartment and left the door open in response to the officers' specific request to enter into his

apartment. *See id.* at 743. Unlike in *Griffin,* Ducey's momentary step back into his hotel room in order to extinguish a cigarette is not the "unequivocal and specific" act from which Officers Meyers and Lee could have inferred voluntary consent to enter his hotel room. *See United States v. Impink,* 728 F.2d 1228, 1233 n. 3 (9th Cir.1984) ("In most implied consent cases, the suspect himself takes some action that implies consent—he gestures to the police to enter, or assists in the search of others. In those cases, we have found that consent was 'unequivocal and specific.'" (internal citations omitted)).

■ Similarly, Ducey presented evidence raising a triable issue of fact as to whether Officer Lee's warrantless entry, search, and arrest were supported by exigent circumstances.[3] Exigent circumstances exist where there is a substantial risk of harm to the persons involved or to the law enforcement process if the police were to delay a search or arrest until a warrant could be obtained. *See United States v. Gooch,* 6 F.3d 673, 679 (9th Cir. 1993).

First, Ducey allegedly pointed his firearm at Oden and Pue almost fourteen hours before the officers' warrantless entry into his hotel room. Thus, there was ample time to obtain a warrant before the

---

**2.** Assuming the initial entry was not supported by an exception to the warrant requirement, the subsequent search of Ducey's gym bag could not have been pursuant to a valid consent. *See United States v. Hotal,* 143 F.3d 1223, 1228 (9th Cir.1998) ("Consent to search that is given after an illegal entry is tainted and invalid under the Fourth Amendment.").

**3.** We reject Officer Lee's claim that an objectively reasonable officer could have relied on Washington Revised Code section 10.31.100 to conduct a warrantless entry and arrest in a hotel room. Washington courts have limited

the reach of section 10.31.100 to conform to the requirements of the Constitution. Consequently, as a matter of Washington state law, section 10.31.100 applies only in those cases in which an officer makes an arrest in a public place. *See State v. Mierz,* 72 Wash. App. 783, 866 P.2d 65, 71 (1994) ("Although a warrantless arrest may be effected where an officer has probable cause to believe a felony has been or is being committed or where a misdemeanor is committed in the officer's presence pursuant to RCW 10.31.100, this statutory authorization only applies where the arrest occurs in a public place.").

officers entered into Ducey's hotel room, searched his belongings, and arrested him. *See United States v. Lindsey*, 877 F.2d 777, 782 (9th Cir.1989) ("Since exigent circumstances imply that there is insufficient time to obtain a warrant, the government must show that a warrant, including a telephonic warrant, could not have been obtained in time.").

Second, there was no actual ongoing threat when the officers arrived at Ducey's hotel room. According to Ducey, he peacefully opened the door to his hotel room, stood at the threshold, and answered the officers' questions. In fact, it is undisputed that the officers permitted Ducey to finish his shower after initially speaking with him at the door of his hotel room. Furthermore, neither Officer Lee's declaration, nor the police report filed by Officer Meyers in connection with Ducey's arrest, contains evidence that the officers believed that Ducey threatened their safety when he turned to put out his cigarette.

On these facts, a reasonable jury could conclude that exigent circumstances did not justify the warrantless entry, search, and arrest inside Ducey's hotel room. *Cf. Gooch*, 6 F.3d at 679 (holding that exigent circumstances did not support the warrantless arrest of the defendant in his tent where "there was no actual ongoing threat" when the officers arrived on the scene, and "[t]he alleged fight and discharge of the firearm took place several hours before the arrest").

■ Finally, we conclude that the rights at issue here were clear enough that, under Ducey's version of the events, a reasonable officer would have understood that what he was doing violated those rights. *See Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. The prohibition against a warrantless entry and arrest in a hotel room, absent exigency or consent, was clearly established at the time of Officer Lee's

warrantless entry and arrest of Ducey. *See Stoner*, 376 U.S. at 486, 84 S.Ct. 889. Similarly, it was clearly established that, under Ducey's version of events, neither consent nor exigency justified the warrantless entry, search, or arrest. *See Gooch*, 6 F.3d at 679; *Shaibu*, 920 F.2d at 1428.

Based on the preceding analysis, we conclude that a genuine issue of material fact exists as to whether Officer Lee is entitled to summary judgment on the basis of qualified immunity. The district court therefore erred by granting summary judgment to Officer Lee.

## V.

■ The district court did not err in granting summary judgment in favor of Westcoast, Bailey, and St. Martin, on Ducey's abuse-of-process claim. After reviewing the record in the light most favorable to Ducey, we conclude that he has failed to establish a genuine issue of material fact for trial. In short, there is no evidence from which to infer that any of these defendants instigated criminal proceedings against Ducey in order to accomplish an ulterior purpose. *See Sea–Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wash.2d 800, 699 P.2d 217, 220 (1985) (explaining that to prevail on an abuse-of-process claim a plaintiff must show (1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process and (2) an act in the use of legal process that is not proper in the regular prosecution of proceedings).

## VI.

■ The district court did not err in granting summary judgment in favor of Westcoast, Bailey, and St. Martin on Ducey's malicious-prosecution claim. After reviewing the record in the light most favorable to Ducey, we conclude that he has failed to establish a genuine issue of material fact for trial. There is no evi-

dence from which to infer that any of these defendants instigated criminal proceedings against Ducey out of malice. *See Banks v. Nordstrom, Inc.,* 57 Wash.App. 251, 787 P.2d 953, 956 (1990) (explaining that in order to maintain an action for malicious prosecution under Washington law, the plaintiff must establish, in part, that the proceedings were instituted or continued through malice); *see also Peasley v. Puget Sound Tug & Barge Co.,* 13 Wash.2d 485, 125 P.2d 681, 689 (Wash.1942) ("Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him.").

## VII.

Ducey alleged in his complaint claims of false imprisonment and false arrest against Westcoast, Bailey, and St. Martin. He directs his argument on appeal, however, solely at Officers Meyers and Lee, arguing that the officers are liable for false imprisonment and false arrest. We decline to address this argument, as it is raised for the first time on appeal. *See Bolker v. Comm'r.,* 760 F.2d 1039, 1042 (9th Cir.1985) ("As a general rule, we will not consider an issue raised for the first time on appeal. . . .").

AFFIRMED in part, REVERSED AND REMANDED in part. Each side to bear its own costs.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.