**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chiem Euy SAECHAO, Defendant–Appellant.**

No. 05–30439.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Nov. 6, 2006.

Kirby A. Heller, Esq., Washington, DC, for Plaintiff–Appellee.

Sue Ellen Tatter, Esq., Anchorage, AK, for Defendant–Appellant.

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

## ORDER

The petition for rehearing is GRANTED.

The Memorandum disposition filed on August 16, 2006, is hereby amended. The

Amended Memorandum disposition and Judge Berzon's concurrence shall be filed concurrently with this order. No further petitions for rehearing will be entertained.

## AMENDED MEMORANDUM *

Chiem Euy Saechao appeals from the district court's denial of his motion to suppress the fruits of a warrantless search of his home. We conclude that exigent circumstances existed at the time of the warrantless search, and introduction of the package and its contents at trial was therefore proper.

An officer's warrantless search of a dwelling does not violate the Fourth Amendment if the search is "supported by probable cause and the existence of exigent circumstances." *Bailey v. Newland,* 263 F.3d 1022, 1032 (9th Cir.2001). Probable cause is established when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Furthermore, "exigent circumstances are present when a reasonable person [would] believe that entry ... was necessary to prevent ... the destruction of relevant evidence." *Bailey,* 263 F.3d at 1033 (internal quotation marks omitted) (alteration in original).

▬ The officers had probable cause to search the trailer as soon as Saechao brought the package of drugs inside. Furthermore, once the alarm went off, indicating that the package had been opened, the agents were confronted with exigent circumstances. Saechao hurried his girlfriend and children away from the trailer immediately after opening the package, and then peered suspiciously through the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

window. And when the agents stopped his girlfriend, she indicated that there was something wrong with the package. Even though the agents were able to detain Saechao in the front yard, the agents could not rule out the possibility that someone else was in the trailer who could destroy the package and its contents. Indeed, Saechao's mother was found during the subsequent search. Thus, a reasonable person would believe it necessary to enter the trailer in order to prevent destruction of relevant evidence. *See United States v. Hackett*, 638 F.2d 1179, 1182 (9th Cir. 1980).

Saechao argues that because the agents had been staking out the trailer for thirteen hours, they had ample time to obtain a search warrant prior to entry, and therefore there were no exigent circumstances. *See United States v. Tarazon*, 989 F.2d 1045, 1049 (9th Cir.1993). However, his argument fails because the agents did not know that the package would be opened inside the trailer. Indeed, the package might have been picked up by someone else and opened at a different location. We cannot say that the officers should have obtained a search warrant for the trailer if they did not know that the package would be opened there. They were certainly entitled to continue their investigation wherever the package might ultimately go before revealing themselves to those under surveillance.

**AFFIRMED.**

BERZON, Circuit Judge, concurring:

I concur in the majority's denial of Saechao's motion to suppress. I do not, however, agree that exigent circumstances excused the warrantless entry of Saechao's residence.

Warrantless entry for the purpose of preventing destruction of evidence is permissible only when police can demonstrate with "particularized evidence" a "reasonable belief" that extends beyond "mere[ ] speculat[ion]" that there are coconspirators who may destroy evidence inside a building. *United States v. Suarez*, 902 F.2d 1466, 1468 (9th Cir.1990). There is no evidence that police had any such belief prior to their entry into the trailer. The majority's observation that police could not *rule out* the presence of someone inside Saechao's trailer does not meet the relevant standard.

I nevertheless conclude that introduction of the package and its contents at the trial is appropriate under the independent source rule. The government did not argue the applicability of the independent source rule until appeal. We can nonetheless decide the issue if it is "purely one of law and either does not depend on the factual record developed below, or the pertinent record has been developed." *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985); *see also Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir.1987). The independent source issue meets that standard.

The issue turns in part on the same facts as the probable cause determination decided by the district court—namely, whether the agents had probable cause to search Saechao's home once the transmitter indicated that the package, which Saechao had been seen collecting from the post office and bringing to his home, was opened. Also, *before* the warrantless search, Agent Martinez clearly stated his intention to obtain a search warrant after the package was opened. So the factual record concerning whether the agents could and would have obtained the warrant without the information from the initial search is complete.

In particular, this record has none of the holes that led to remands in *Murray v.*

*United States,* 487 U.S. 533, 542, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) and *United States v. Driver,* 776 F.2d 807, 812 (9th Cir.1985). Here, we know for certain (1) that the officers *definitely* had probable cause to search for the package in the trailer without regard to the entry, because they knew what was in the package, saw it arrive, and heard the signal that it had been opened inside; (2) that the officers stated *in advance* an intent to obtain a warrant; and (3) that the officers saw the package but did not seize it until they obtained a warrant, thus corroborating their earlier intent. All of these certainty factors were missing in *Driver,* and the second, critically, was missing in *Murray.*

The officers had an independent source for the evidence obtained from Saechao's house and introduced at trial—namely, the search sanctioned by the later-obtained warrant. *See Murray v. United States,* 487 U.S. 533, 541, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Once we exclude the arguably tainted information arising from the officers' warrantless entry into Saechao's trailer, the remaining information in the search warrant affidavit still amounts to probable cause for the warrant permitting seizure of the package and its contents. *See United States v. Salas,* 879 F.2d 530, 537–38 (9th Cir.1989); *United States v. Driver,* 776 F.2d 807, 812 (9th Cir.1985). The evidence seized as a result of that warrant and introduced at trial therefore need not be suppressed.