**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50286 |
| Plaintiff - Appellee, | D.C. No.<br>2:13-cr-00608-JAK-25 |
| v. | |
| ALFONSO GERARDO VILLA GUILLEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 7, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

**1.** The district court correctly concluded that officers lacked sufficient

justification for the warrantless protective sweep of Alfonso Gerardo Villa

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Guillen's apartment. The government asserts that Guillen's suspected involvement in a large drug-trafficking organization and his refusal to reveal whether anyone was in the apartment gave officers cause to fear for their safety and to believe evidence would be imminently destroyed. But there was no evidence to suggest that anyone other than Guillen was in the apartment at the time. *See United States v. Suarez*, 902 F.2d 1466, 1468 (9th Cir. 1990). Therefore, even if officers did have probable cause to believe there was evidence of a crime inside the residence, there was no reasonable basis for believing that exigent circumstances existed. *See id.* at 1467–68.

**2.** The district court did not err in denying Guillen's motion to suppress evidence obtained by the search conducted pursuant to a warrant. Even after striking the information obtained during the improper protective sweep, *see United States v. Barajas-Avalos*, 377 F.3d 1040, 1054, 1058 (9th Cir. 2004), the warrant affidavit provided a sufficient factual basis to establish probable cause.

The warrant affidavit detailed a longstanding investigation that had already established the South Gate truck yard as a base of operations for the Castro drug-trafficking organization. The affidavit also recounted that on October 16, 2012, officers: intercepted phone calls discussing an upcoming drug transaction; observed Dolores Gallegos arriving at the South Gate truck yard in accordance

with the timeline set out in the phone calls; and saw items being loaded into the back of Gallegos's truck in circumstances similar to those that had previously led to the seizure of over 1,500 pounds of methamphetamine. The officers followed Gallegos to an apartment in Anaheim, where she parked her truck in a garage. These facts established probable cause to believe that Gallegos may have transported drugs to the Anaheim apartment.

The next day, officers observed Guillen arrive at the Anaheim apartment and pull his truck into Gallegos's garage, just after an unknown male moved Gallegos's truck from the garage. Officers observed Guillen walking with Gallegos outside the Anaheim apartment. The officers then followed Guillen as he drove to his apartment in Ontario.

We need not decide whether these observations of Guillen, without more, would have been sufficient to establish probable cause to search his Ontario apartment. Shortly after Guillen left his apartment (which he had entered for only seconds), the officers stopped Guillen and told him that they were conducting a narcotics investigation and were in the process of obtaining a search warrant for his home and vehicle. Guillen responded by asking the officers how much time he was looking at, and he advised the officers that they would "find a lot of stuff" in his apartment. These statements, in conjunction with the officers' previous

observations, established a fair probability that contraband would be found inside Guillen's home and vehicle. *See Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). The statements may be used to determine whether probable cause existed even if Guillen should first have been administered *Miranda* warnings. *See United States v. Patterson*, 812 F.2d 1188, 1193 (9th Cir. 1987).

**3.** Since the search conducted pursuant to a warrant of Guillen's Ontario apartment was valid, the arrest warrant and criminal complaint were supported by probable cause. Therefore, Guillen's post-arrest statements were not fruit of the poisonous tree and the district court properly refused to suppress them.

**AFFIRMED**.

Appellant's September 21, 2015, Motion to File Physical Exhibits Under Seal is GRANTED.