NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GEORGE ORVILLE TURNER, Jr.,

Defendant-Appellant.

No.   22-10194

D.C. No.
2:21-cr-00013-KJD-BNW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted August 22, 2023
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

George Orville Turner, Jr., appeals the district court's denial of his motion to

suppress evidence obtained from the execution of two search warrants. The first

search warrant—the Facebook warrant—was directed at two separate Facebook

accounts, the Kizzy Chapo account and the George Turner account. The second

search warrant—the residential warrant—was directed at Turner's home. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

This court reviews the denial of a motion to suppress de novo, but it reviews underlying factual findings for clear error. *United States v. Flores*, 802 F.3d 1028, 1042–43 (9th Cir. 2015) (citation omitted).

1. There was sufficient probable cause to support the Facebook warrant. Probable cause requires "a fair probability," based on the information contained in the affidavit, "that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Here, posts on the Kizzy Chapo account encouraged those interested in purchasing forged documents to message the account. Because the account advertised these sales through posts, including photographs and videos, there was probable cause to search the Kizzy Chapo account. In addition, the issuing judge had a substantial basis to draw a reasonable inference that evidence of forgery would be found in the George Turner account. Specifically, there was evidence that the Kizzy Chapo account was selling forged documents and that the George Turner account was controlled by the same person. Taken together, the facts contained in the officer's affidavit constituted sufficient probable cause to support the warrant.

2. Even assuming the Facebook warrant was overbroad and lacked the requisite specificity, any deficiency was cured through the warrant's incorporation of the officer's affidavit. We "consider an affidavit to be part of a warrant, and

therefore potentially curative of any defects, 'only if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit either is attached physically to the warrant or at least accompanies the warrant while agents execute the search.'" *United States v. SDI Future Health, Inc*., 568 F.3d 684, 699 (9th Cir. 2009) (quoting *United States v. Kow*, 58 F.3d 423, 429 n.3 (9th Cir. 1995)). Absent evidence that an affidavit accompanied or was attached to a warrant at the time the warrant was executed, the "fact that the warrant states that the affidavit is both attached and incorporated by reference is insufficient to permit us to conclude that the affidavit accompanied the warrant at the time of the search." *United States v. Hotal*, 143 F.3d 1223, 1225 (9th Cir. 1998). Here, the district court found that both prongs were satisfied because (1) the warrant expressly incorporated the affidavit, and (2) the affidavit was available during the search. These findings are supported by the record and, therefore, the trial court did not err by holding that the Facebook warrant's incorporation of the affidavit cured any defects as to its specificity.

3. The residential warrant was supported by probable cause. The issuing judge had a substantial basis to conclude that probable cause supported the search of Turner's home for evidence of forgery-related offenses, unlawful possession of a firearm, and drug possession. *See United States v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006) (en banc). Specifically, the affidavit described the particular devices used for the forgeries, like a computer, and it is reasonable to infer that Turner kept such

devices in his home. Similarly, the affidavit detailed Turner's previous arrest for unlawful possession of a firearm, Turner's Facebook message and post which showed he was "working on" obtaining a firearm, and the agent's experience with unlawful firearms often being kept in a defendant's home. And the affidavit detailed the marijuana videos and photo of MDMA that Turner publicized on Facebook and the agent's experience with evidence of drug possession often being maintained in a defendant's home. A substantial basis existed to support the search of Turner's home for evidence of forgery and unlawful firearm and drug possession.

Because we find that the warrants were supported by probable cause and that the Facebook warrant was not overbroad given that the accompanying affidavit was incorporated, we do not address whether the agents acted in good faith and in reasonable reliance on the warrants.

**AFFIRMED.**

22-10194