**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chong Hyon McGREW, aka Chong Hyon Park, Defendant–Appellant.**

No. 96–10342.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 1997.

Decided Sept. 12, 1997.

848

Curtis C. Van de Veld, The Vandeveld Law Offices, Agana, Guam, for Defendant–Appellant.

Karon V. Johnson, Assistant United States Attorney, Agana, Guam, for Plaintiff–Appellee.

Before: FLETCHER, BOOCHEVER, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Defendant–Appellant Chong Hyon McGrew was convicted in the District Court of Guam on a number of methamphetamine felonies. She appeals her conviction, contending, *inter alia,* that the district court erred in declining to suppress evidence the government obtained in its search of her residence. We conclude that the search was invalid and, therefore, reverse McGrew's conviction.[1]

## I. Background

On the strength of an affidavit by DEA agent Jonathan Y. Andersen stating that he believed McGrew was involved in drug trafficking, a magistrate approved a warrant to search McGrew's residence. The warrant failed to specify any type of criminal activity suspected or any type of evidence sought. In the space provided for that information, the warrant referred the reader to the "attached affidavit which is incorporated herein."

The day the warrant was issued, the agents, including agent Andersen, executed it and seized several incriminating items from McGrew's residence, including a glass tube with drug residue, notepads, cash, jewelry, plastic bags, and an apartment lease. Noth-

---

1. Because we reverse her conviction on the ground of the erroneously admitted evidence, we do not reach McGrew's claims of jury misconduct, improper admission of evidence, and sentencing errors.

ing in the record suggests whether the agents brought a copy of the affidavit to the search. What the record clearly shows, however, is that McGrew was present during the search, but neither then nor at any time thereafter did the government show her the affidavit supporting the search. In its brief to the district court "the government freely concedes its agents did not serve a copy of the affidavit on defendant January 10, 1996. It has never done so, it is not required to do so, and for the safety of its cooperating witnesses would never do so."

Prior to trial, McGrew filed a motion to suppress the evidence obtained in the search, arguing that without the affidavit the warrant lacked the particularity required by the Fourth Amendment. The district court denied the motion, stating that the affidavit was sufficiently particular and that no legal authority required executing officers to affix the affidavit to the general warrant. Therefore, the court held, the search and seizure were valid. The government introduced at trial the evidence gathered in the search, and DEA special agents testified extensively based on the seized items.

## II. Analysis

■ The district court's denial of McGrew's motion to suppress contradicts a long line of this circuit's clearly established Fourth Amendment precedent. The district court erred in failing to suppress the evidence that the government agents obtained in the search of McGrew's residence.

■ The Fourth Amendment dictates that a search warrant must be sufficiently particular and not overbroad. *See, e.g., Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 2747, 49 L.Ed.2d 627 (1976); *United States v. Spilotro,* 800 F.2d 959, 963 (9th Cir.1986). The particularity requirement safeguards the right to be free from unbounded, general searches. *United States v.*

*Hillyard,* 677 F.2d 1336, 1339 (9th Cir.1982). Thus, to pass constitutional muster, a warrant "must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." *Spilotro,* 800 F.2d at 963.

Here, the search warrant contained absolutely no description of the types of items sought, or even of the types of crimes for which it sought evidence.[2] The warrant only referred to an "attached affidavit which is incorporated herein." The government, however, has offered no evidence that the affidavit or any copies were ever attached to the warrant or were present at the time of the search of McGrew's home, even though agent Andersen, the affiant, was present at the search.

Moreover, while the affidavit was expressly "incorporated" into the search warrant, the government openly admits that its agents never served a copy of the affidavit on McGrew. The government argues that so long as its agents are aware of the contents of the affidavit listing the items they may seize, the Fourth Amendment's particularity requirement is satisfied. Even assuming that the agents were aware of the contents of the affidavit—which is highly questionable[3] —this argument is incorrect.

■ The well settled law of this circuit states that a "search warrant may be construed with reference to the affidavit for purposes of satisfying the particularity requirement *if* (1) the affidavit accompanies the warrant, and (2) the warrant uses suitable words of reference which incorporate the affidavit therein." *Hillyard,* 677 F.2d at 1340; *see also United States v. Van Damme,* 48 F.3d 461, 466 (9th Cir.1995) (invalidating warrant on these grounds); *United States v. Towne,* 997 F.2d 537, 544–47 (9th Cir.1993) (reaffirming rule and discussing other cases doing same); *Spilotro,* 800 F.2d at 967 (hold-

---

**2.** This court has "criticized repeatedly the failure to describe in a warrant the specific criminal activity suspected," *United States v. Kow,* 58 F.3d 423, 427 (9th Cir.1995) (collecting cases); we do so again here.

**3.** Evidence at trial suggested that at least one officer was unaware of the contents of the affida-

vit. Sergeant Rivo, who officially confiscated the items from McGrew's residence, testified that he temporarily set aside the cash and jewelry because he was not sure whether the officers had probable cause to seize them. The affidavit expressly stated, however, that the officers were authorized to seize jewelry and cash.

ing that affidavit could not cure overbroad search warrant because it was not attached to it).

The rule requiring affidavits to accompany warrants lacking particularity serves not one, but two aims: "The purpose of the accompanying affidavit clarifying a warrant is both to limit the officer's discretion *and to inform the person subject to the search what items the officers executing the warrant can seize.*" *United States v. Hayes,* 794 F.2d 1348, 1355 (9th Cir.1986) (emphasis added), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987); *accord Center Art Galleries—Hawaii, Inc. v. United States,* 875 F.2d 747, 750 (9th Cir.1989) (attached affidavit "assures that the person being searched has notice of the specific items the officer is entitled to seize" (internal quotation omitted)).[4] Because the agents never served a copy of the affidavit on McGrew, the second goal was entirely unsatisfied here. Neither, in all likelihood, was the first; this court has held expressly that "neither purpose is served" when the affidavit fails to accompany the warrant. *Hayes,* 794 F.2d at 1355; *see also infra* note 5.

 Next, we reject the suggestion the government made in the district court that, in order to protect witnesses, it may simply refuse to produce an affidavit that it contends renders an otherwise general warrant lawful. If the government wishes to keep an affidavit under seal, it must list the items it seeks with particularity in the warrant itself. It is the government's duty to serve the search warrant on the suspect, and the warrant must contain, either on its face or by attachment, a sufficiently particular description of what is to be seized. Because the government failed to satisfy these requirements, we hold that the search warrant was invalid: it lacked the requisite—indeed, any—particularity.

 Furthermore, the "good faith" exception to the exclusionary rule is not available in this instance. In order to avoid the effect of the exclusionary rule, there must be an "objective reasonable basis for the mistaken belief that the warrant was valid." *United States v. Michaelian,* 803 F.2d 1042, 1047 (9th Cir.1986). If the "incorporated" affidavit does not accompany the warrant, agents cannot claim good faith reliance on the affidavit's contents. *United States v. Kow,* 58 F.3d 423, 428–30 (9th Cir.1995); *United States v. Stubbs,* 873 F.2d 210, 212 (9th Cir. 1989).[5]

Finally, the government does not assert that the introduction of the seized evidence was harmless error, and we thus do not consider that question here. Accordingly, we reverse McGrew's conviction.

REVERSED AND REMANDED.

---

4. Other courts also have recognized the importance of the second aim of the particularity requirement. The Supreme Court stated in *United States v. Chadwick,* 433 U.S. 1, 9, 97 S.Ct. 2476, 2482, 53 L.Ed.2d 538 (1977), *abrogated on other grounds, California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), that "a warrant assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." Moreover, the Seventh Circuit quoted *United States v. Van Damme,* 48 F.3d 461, 466 (9th Cir.1995), for the proposition that when the particularized application is attached to the warrant, and the officers have it with them during the search, "the officers can read the list of things to be seized while they are searching, and show the list to the person from whom seizures are made." *United States v. Jones,* 54 F.3d 1285, 1290 n. 1 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 263, 133 L.Ed.2d 186 (1995).

5. Although dicta in *Towne, supra,* suggested that the good faith exception might be available when the agent who drafted the affidavit is present at the search or when the agents confine their search to the scope of the affidavit, *Kow* subsequently squarely held that such facts, even if true, cannot establish good faith. *See Kow,* 58 F.3d at 428–30. The agents must either serve the affidavit with the warrant or list with particularity its relevant directives on the warrant itself. Otherwise, the good faith exception is not available because (1) the requirement of attaching affidavits to general warrants has been the clear law of this circuit for over a decade, foreclosing any "reasonable belief" to the contrary; and (2) no matter how aware the officers are of the limits of their search, the person being searched (the second aim of the rule) is still completely unaided when agents fail to produce a document explaining the parameters of the search.