221 F.3d 425 (3rd Cir. 2000)
 GENE BARTHOLOMEW; ROBIN BARTHOLOMEW, HUSBAND AND WIFE
v.
COMMONWEALTH OF PA; OFFICE OF ATTORNEY GENERAL; BUREAU OF NARCOTICS INVESTIGATION & DRUG CONTROL; FINANCIAL INVESTIGATION UNIT; SCOTT L. FRALEY, AGENT
Scott L. Fraley, Appellant
 No. 99-1755
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Argued: June 13, 2000
Filed August 7, 2000
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA (D.C. Civil No. 97-cv-5684), District Judge: The Honorable Thomas N. O'Neill, Jr.
 Attorney for Appellant: Howard G. Hopkirk Deputy Attorney General Office of the Attorney General 15th Floor, Strawberry Sq. Harrisburg, PA 17120
 Attorney for Appellee: Richard W. Kolosky, Esq. Richard W. Kolosky, P.C. 7 East Church Street Bethlehem, PA 18018
 Before: SLOVITER, BARRY and ALDISERT, Circuit Judges
 OPINION OF THE COURT
 BARRY, Circuit Judge:
 
 
 1
 This appeal requires us to decide whether, at the time of the events in question, the law was clearly established that one has a constitutional right to be free from a search in which the list of items to be seized does not appear on the face of the warrant but, rather, is sealed. Because this narrow question has heretofore escaped the attention of the courts, the answer is self evident and, thus, the District Court erred in finding that Agent Scott L. Fraley should be denied qualified immunity. Accordingly, we will reverse.
 
 
 2
 * Gene and Robin Bartholomew ("the Bartholomews") operate a retail music store called "Toones." In May of 1994, after receiving an anonymous tip, the Pennsylvania Office of the Attorney General began an investigation into the Bartholomews's alleged criminal activities. In September of 1995, a year and a half into the investigation, Agent Scott L. Fraley ("Agent Fraley"), an agent in the Financial Investigation Unit, a division of the Bureau of Narcotics Investigation of the Attorney General's Office, applied for search warrants for the Bartholomews's home and music store, both located in Allentown, Pennsylvania.[1] Agent Fraley presented two exhibits to the Honorable G. Thomas Gates of the Pennsylvania Court of Common Pleas, Dauphin County. The first exhibit was a list of items to be seized during the execution of the warrant (Exhibit A), and the second was a forty-nine page affidavit of probable cause detailing the Bartholomews's alleged illegal activities (Exhibit B).
 
 
 3
 Finding probable cause, Judge Gates issued search warrants for the Bartholomews's residence and for Toones. Because the Deputy Attorney General in charge had determined that sealing was necessary, at Agent Fraley's request, Judge Gates placed the affidavit and the list of items to be seized under seal. Agent Fraley contends that it was necessary to seal the affidavit because of the undercover nature of the investigation, but did not know why the list of items was sealed and had not seen that done before.
 
 
 4
 On September 11, 1995, Agent Fraley was on the team which executed the warrant at Toones, while other agents executed the warrant at the residence. The Bartholomews were given an inventory of the items seized but were not given Exhibit A, the list of items to be seized. One week after the searches, the list of items was unsealed and four months after the searches, the affidavit of probable cause was unsealed.
 
 
 5
 On November 22, 1995, the Bartholomews filed a petition for the return of their property. The Honorable Lawrence J. Brenner of the Court of Common Pleas, Lehigh County, found that the warrants were unlawful because they neither named nor described with particularity the property to be seized and the list of items to be seized was sealed. Subsequently, most of the seized property was returned to the Bartholomews and no charges were ever brought against them.
 
 
 6
 On September 10, 1997, the Bartholomews filed a complaint in the District Court naming Agent Fraley as one of the defendants and, pursuant to 42 U.S.C. SS 1983 and 1985, alleging violations of the Fourth Amendment.[2] Specifically, the Bartholomews alleged that probable cause did not exist and that because the affidavit and the list of items to be seized were sealed, the warrants deprived the Bartholomews of their right to be free from unreasonable searches and seizures.
 
 
 7
 On June 23, 1999, the District Court granted Agent Fraley's motion for summary judgment with respect to all the claims against him except the claim that because the list of items to be seized was sealed and, thus, the warrants failed to identify those items, the warrants lacked the particularity required by the Fourth Amendment. Agent Fraley, the Court found, had violated a "clearly established constitutional right," namely the right of the Bartholomews to be free from an unlawful search and seizure. The Court then concluded that because genuine issues of material fact existed as to the objective reasonableness of Agent Fraley's actions, summary judgment on the basis of qualified immunity would be denied. On September 10, 1999, the District Court denied Agent Fraley's motion for reconsideration.
 
 
 8
 Agent Fraley now appeals, arguing that the District Court erred in concluding that he violated a clearly established constitutional right. We agree.[3]
 
 II
 
 9
 The District Court exercised jurisdiction under 28 U.S.C. SS 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. S 1291. We exercise plenary review of a District Court's denial of summary judgment on the basis of qualified immunity. See Abbott v. Latshaw, 164 F.3d 141, 145 (3d Cir. 1998), cert. denied, 119 S. Ct. 2393 (1999).
 
 III
 
 10
 It is axiomatic that "[g]overnment officials performing discretionary functions are `shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). " `Clearly established rights' are those with contours sufficiently clear that a reasonable official would understand that what he[or she] is doing violates that right." Kornegay v. Cottingham, 120 F.3d 392, 396 (3d Cir. 1997)(citation omitted). This Court has recognized that the question of whether a constitutional right is clearly established and the question of whether the officer acted reasonably are matters of law for the court to decide. See Sharrar, 128 F.3d at 828. Courts are strongly encouraged to resolve such questions at the earliest possible stage of the litigation.
 
 
 11
 The Fourth Amendment "protects `the right of people to be secure . . . against unreasonable searches and seizures.'" See Kornegay, 120 F.3d at 396 (citing Wilson v. Arkansas, 514 U.S. 927, 931 (1995)). To be constitutionally sound, search warrants must state probable cause and "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; see Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998), cert. denied, 120 S. Ct. 797 (2000). The particularity requirement is intended "to prevent the police from undertaking a general, exploratory rummaging through a person's belongings." United States v. Johnson, 690 F.2d 60, 64 (3d Cir. 1982)(citing Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)), cert. denied, 459 U.S. 1214 (1983).
 
 
 12
 Clearly, a problem at least potentially arises when much of the requisite information for a warrant is found in a document other than the warrant itself because, on the face of the warrant, the necessary particularity will be lacking. We have concluded, however, along with most courts, that "[w]hen a warrant is accompanied by an affidavit that is incorporated by reference, the affidavit may be used in construing the scope of the warrant." Johnson , 690 F.2d at 64-65.[4] The requirement that affidavits accompany warrants which themselves lack particularity serves two purposes: one, to limit the agents' discretion as to what they are entitled to seize; and two, to inform the subject of the search what can be seized. See United States v. McGrew, 122 F.3d 847, 849 (9th Cir. 1997).
 
 
 13
 Here, the warrant did in fact reference the list of items to be seized as Exhibit A and, thus, "incorporated" the list of items. That exhibit, however, was sealed. Before us, then, is the unusual, and largely heretofore undiscussed, question of whether an incorporated but sealed list of items can be used in construing the scope of the warrant in order to determine whether the warrant will pass constitutional muster. What little case law there is suggests it would not. As the McGrew Court observed, "[i]f the government wishes to keep an affidavit under seal" -- in order to protect witnesses, for example -- "it must list the items it seeks with particularity in the warrant itself. It is the government's duty to serve the search warrant on the suspect, and the warrant must contain, either on its face or by attachment, a sufficiently particular description of what is to be seized." Id. at 850.
 
 
 14
 The District Court, as we have noted, concluded that because the list was sealed, the warrants themselves were devoid of the requisite specificity and, thus, that the Fourth Amendment was violated. While we agree with the District Court that the warrants were not sufficiently particular to satisfy the Fourth Amendment, we do not agree that the Fourth Amendment right at issue under the novel facts of this case was clearly established at the time those warrants were executed.
 
 
 15
 We note in this connection that, for purposes of the qualified immunity analysis, the "clearly established constitutional right" should be set forth with specificity. See Wilson v. Layne, 526 U.S. 603, 615 (1999)(citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Thus, while it was "clearly established" that warrants must be particular, the narrower and more appropriate question, i.e. whether it was clearly established that one has a constitutional right to be free from a search pursuant to a warrant based upon a sealed list of items to be seized, has not heretofore been answered, at least in those terms.[5] It simply cannot be said, therefore, that "the contours of the right"-- the precise right at issue here -- were "sufficiently clear" such that "a reasonable official would understand that what he[or she] is doing violates that right." Anderson, 483 U.S. at 640.
 
 
 16
 We now make clear what was heretofore not "sufficiently clear" and hold that, generally speaking, where the list of items to be seized does not appear on the face of the warrant, sealing that list, even though it is "incorporated" in the warrant, would violate the Fourth Amendment. While we find it difficult to hypothesize a justification for sealing a list of items, and Agent Fraley was unable to do so, we leave open the possibility that there can be that rare case in which sealing may be thought necessary. Should that case arise, however, the list should not be sealed in the absence of clearly stated, and compelling, reasons.
 
 
 17
 Because the issue of whether one has a constitutional right to be free from a search pursuant to a warrant based on a sealed list of items had not been addressed by this or, indeed, by virtually any other court, it cannot be said that Agent Fraley violated a "clearly established constitutional right." Because, therefore, Agent Fraley is entitled to qualified immunity, we will reverse the order of the District Court denying his motion for summary judgment.
 
 
 
 NOTES:
 
 
 [1]
 Other warrants were sought but only the two aforementioned warrants are at issue on this appeal.
 
 
 [2]
 The Bartholomews also filed claims pursuant to the Constitution of the State of Pennsylvania and the Pennsylvania Rules of Criminal Procedure. Those claims are not at issue on this appeal.
 
 
 [3]
 Parenthetically, the Bartholomews contend that because the District Court denied Agent Fraley qualified immunity at least in part because of the presence of genuine issues of material fact, there was no "final order" and, therefore, this Court lacks jurisdiction over the appeal.
 "[A]n order rejecting the defense of qualified immunity at . . . the summary judgment stage is a `final' judgment subject to immediate appeal." Behrens v. Pelletier, 516 U.S. 299, 307 (1996)(citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Importantly, "summary judgment determinations are appealable when they resolve a dispute concerning an `abstract issu[e] of law' relating to qualified immunity, typically, the issue whether the federal right allegedly infringed was `clearly established[.]' " Behrens, 516 U.S. at 312-13 (emphasis in original)(citing Johnson v. Jones, 515 U.S. 304, 315-18 (1995)). A denial of qualified immunity on a motion for summary judgment, however, which "determines only a question of `evidence sufficiency,' i.e., which facts a party may, or may not, be able to prove at trial . .. is not appealable." Johnson, 515 U.S. at 313.
 While the District Court noted that there were issues of fact as to what steps were taken to limit the discretion of the officers conducting the search and to inform the Bartholomews of which items could be seized, the District Court first concluded that Agent Fraley violated clearly established law, i.e. that by virtue of his obtaining and executing a warrant with a sealed list of items to be seized, he violated the Bartholomews's clearly established Fourth Amendment rights. Because "the District Court's denial of petitioner's summary judgment motion necessarily determined that certain conduct attributed to petitioner (which was controverted) constituted a violation of clearly established law," we have jurisdiction to review the District Court's ruling. Behrens, 516 U.S. at 313; see Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997)("[W]hether the plaintiff alleges the violation of a clearly established constitutional right[ ] is purely a question of law[.]").
 
 
 [4]
 See, e.g., United States v. McGrew, 122 F.3d 847, 849 (9th Cir. 1997)("The well settled law of this circuit states that a `search warrant may be construed with reference to the affidavit for purposes of satisfying the particularity requirement if (1) the affidavit accompanies the warrant, and (2) the warrant uses suitable words of reference which incorporate the affidavit therein.' "); United States v. Dale, 991 F.2d 819, 846 (D.C. Cir.) (same), cert. denied, 510 U.S. 1030 (1993); United States v. Morris, 977 F.2d 677, 681 n.3 (1st Cir. 1992)(same), cert. denied, 507 U.S. 988 (1993); United States v. Beaumont, 972 F.2d 553, 561 (5th Cir. 1992)("Where a warrant contains only the barest of generalized statements the particularity requirement is satisfied by reliance on an affidavit when the affidavit is incorporated by reference into the warrant."), cert. denied, 508 U.S. 926 (1993); United States v. Blakeney, 942 F.2d 1001, 1024 (6th Cir. 1991)(incorporated affidavit may be read as part of the warrant so long as the one accompanies the other during the search and warrant is incorporated by reference), cert. denied, 592 U.S. 1035 (1992); United States v. Curry, 911 F.2d 72, 77 (8th Cir. 1990)(same), cert. denied, 498 U.S. 1094 (1991).
 
 
 [5]
 We stress that at issue here is the validity of a search warrant based on a sealed list of items to be seized and not the validity of a search warrant based on a sealed affidavit of probable cause. Certainly, as to the latter, courts have been sensitive to the adverse consequences which may result were sealing not ordered. See, e.g., In re EyeCare Physicians of America, 100 F.3d 514, 518-19 (7th Cir. 1996).