**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James HIGHTOWER, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Paul Manning Walker, Defendant–
Appellant.**

No. 00–50065, 00–50355.
D.C. No. CR–98–03681–JNK.
D.C. No. CR–98–03681–1–JNK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided July 15, 2002.

66

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

## MEMORANDUM *

James Hightower and Paul Manning Walker were charged with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and manufacturing methamphetamine in violation of § 841(a)(1). In addition, Walker alone was charged with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Hightower pled guilty to the conspiracy charge, and Walker was convicted of all three counts after a jury trial. Hightower appeals his sentence and Walker appeals both his conviction and his sentence. We affirm Hightower's sentence but reverse Walker's conviction.

## I

Hightower argues that the district court committed clear error at his sentencing when it found that the scope of the conspiracy was to manufacture more than 100 grams of methamphetamine and sentenced him in accordance with that finding.

"Whether the method adopted by the district court to approximate the relevant quantity of drugs is proper under the guidelines is . . . reviewed de novo." *United States v. August*, 86 F.3d 151, 153

* This disposition is not appropriate for publication and may not be cited to or by the courts

(9th Cir.1996). "Findings of fact underlying a sentence are reviewed for clear error." *United States v. Upshaw*, 918 F.2d 789, 791 (9th Cir.1990).

The district court was convinced that the amount of drugs seized did not reflect the scale of the offense, so it sentenced Hightower based on an approximation of the amount of controlled substance it believed to have been produced during the conspiracy. It was permitted to do so. "Where . . . 'there is no drug seizure or the amount seized does not reflect the scale of the offense,' the sentencing court is allowed to 'approximate the quantity of the controlled substance.'" *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir.1995) (quoting U.S.S.G. § 2D1.1, cmt. n. 12). Testimony by a DEA chemist established that, using various methods of methamphetamine production, more than 100 grams of methamphetamine could have been produced from the various precursor substances and in the seized glassware. Consequently, the district court did not commit clear error in finding that the scope of the conspiracy was to manufacture more than 100 grams of methamphetamine.

We do not reach Hightower's argument based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), raised at oral argument. Hightower did not raise this issue in his opening brief and he chose not to file a reply brief, and thus the issue is waived.

## II

Walker argues that the search of the Hicock Street premises was federal and thus is controlled by Federal Rule of Criminal Procedure 41(d). "Whether a search is essentially a federal one and thus governed by Rule 41 is a factual inquiry"

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

which we review for clear error. *United States v. Palmer,* 3 F.3d 300, 303 (9th Cir.1993). This search was local from its inception and only involved federal agents when Detective Michael Aiken deemed it necessary to involve Drug Enforcement Agency agents to ensure the safety of involved law enforcement officials. Thus the district court did not clearly err in finding the search to be local, and Rule 41(d) does not apply.

## III

■ It is undisputed that the warrant for the search of the Hicock Street premises was not valid because it lacked a particularity statement and did not incorporate the affidavit by reference. The government argues that the district court nonetheless correctly denied Walker's motion to suppress because of the good faith exception. *See United States v. Leon,* 468 U.S. 897, 922–25, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Whether the good faith exception applies to excuse a search under a defective search warrant is reviewed de novo, *United States v. Luk,* 859 F.2d 667, 670 (9th Cir.1988), and the underlying purely factual issues are reviewed for clear error, *United States v. Johns,* 948 F.2d 599, 602 (9th Cir.1991).

While the searching officers may have been aware of the contents of the affidavit, the affidavit was not left with the warrant at the premises or served on Walker. The good faith exception is not available in such circumstances. *See United States v. McGrew,* 122 F.3d 847, 850 n. 5 (9th Cir. 1997). In *McGrew,* we explained:

The agents must either serve the affidavit with the warrant or list with particularity its relevant directives on the warrant itself. Otherwise, the good faith exception is not available because (1) the requirement of attaching affidavits to general warrants has been the clear law of this circuit for over a decade, foreclosing any "reasonable belief" to the contrary; and (2) no matter how aware the officers are of the limits of their search, the person being searched (the second aim of the rule) is still completely unaided when agents fail to produce a document explaining the parameters of the search.

*Id.* We recently built upon this aspect of *McGrew. See Ramirez v. Butte–Silver Bow County,* 283 F.3d 985, 989 n. 1 (9th Cir.2002). In *Ramirez,* the warrant contained no description of items to be seized, *id.* at 988, and the officer "attached no documents to the warrant when he served it on Mrs. Ramirez," *id.* at 989. We held that *"McGrew* forecloses th[e] argument" that the good faith exception could apply in such circumstances. *Id.* at 989 n. 1.[2]

The government suggests that *McGrew* does not apply because the search in that case apparently was a federal one and thus would have been governed by Rule 41(d) as well as the Constitution. However, Rule 41(d) was not the basis of our decision in *McGrew.* The legal principles described in *McGrew* were an outgrowth of the constitutional warrant requirement, the exclusionary rule, and the good faith exception, meaning that the rule applies to state as well as federal searches. Further, it is irrelevant that Walker was being held in a police car during the search, because

2. In *Luk,* we did not address the import of a failure to leave the affidavit with the warrant at the premises or serve it on the individual whose premises were being searched. *See* 859 F.2d at 676–77. We discussed the significance of the searching officers' reliance on the affidavit, but did not state whether or not the affidavit was served with the warrant. Either the affidavit was served with the warrant or the issue was not raised on appeal in that case.

these rules apply even when the person whose property is being searched is completely absent at the time of the search.

■ The district court below relied on the fact that the officers told Walker that they were looking for a methamphetamine laboratory. In *Ramirez*, we rejected the idea that officers' oral statements at the scene could satisfy the particularity requirement, noting that relying on oral statements would increase the likelihood of confrontation, give the individual no opportunity to note if officers are overstepping the bounds of the warrant, and increase the number of disputes in subsequent litigation. *Id.* at 989 (noting that "dialogue" between the individual and the officers "is impossible if citizens must rely on officers' verbal representations of the scope of their authority"); *see also Michigan v. Tyler*, 436 U.S. 499, 508, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). It would be unreasonable for any officer to think to the contrary. The district court in this case noted that some people cannot read English or cannot read at all, but nonetheless in most cases the particularity requirement serves these functions.

Thus, the evidence seized at the Hicock Street address should have been suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484–86, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In addition, Walker's post-arrest statements should have been suppressed. *See id.* at 486–88, 83 S.Ct. 407. This case is not like *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir.1998), because Walker's statements were made in response to questions from the officers about the items they had improperly seized inside the premises. Evidence seized from the Field Street garage, however, need not have been suppressed. Probable cause for this search stems from statements made to officers by Hightower as well as others. Officers knew of Hightower's identity and involvement and had a warrant for his arrest prior to the Hicock Street search. *See United States v. Johns*, 891 F.2d 243, 245–46 (9th Cir.1989); *United States v. Bacall*, 443 F.2d 1050, 1057 (9th Cir.1971).

The government does not argue that the erroneous introduction of evidence that should have been suppressed was harmless. Accordingly, we reverse Walker's conviction. *See McGrew*, 122 F.3d at 850 ("[T]he government does not assert that the introduction of the seized evidence was harmless error, and we thus do not consider that question here. Accordingly, we reverse McGrew's conviction."). We need not reach Walker's remaining arguments.

## IV

We AFFIRM Hightower's sentence. Because the motion to suppress should have been granted, we REVERSE Walker's conviction.

AFFIRMED (as to Appeal No. 00–50065); REVERSED (as to Appeal No. 00–50355)