**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Richard OZAR, aka Seal B,
Defendant–Appellee.**

No. 04–50563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 10, 2006.

Becky S. Walker, Esq., Mark A. Young, Esq., Kevin Scott Rosenberg, Esq., Beong–Soo Kim, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Victor Sherman, Esq., Sherman & Sherman, Santa Monica, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, GOODWIN, Circuit Judge, and SEDWICK,* District Judge.

MEMORANDUM **

The United States appeals the district court's order suppressing the evidence

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

seized pursuant to search warrants issued by a California state court to search a pharmacy operated by the defendant-appellee, Richard Ozar. Ozar is charged with multiple violations of federal controlled substance laws for knowingly filling unlawful prescriptions. The district court suppressed all of the evidence as inadmissable against Ozar, ruling that there was no probable cause to search the pharmacy for evidence of crimes committed by Ozar.

■ The district court erred to the extent that it ruled that probable cause was lacking. To find probable cause, "the magistrate need only conclude that criminal activity is probably shown; a prima facie demonstration is not required." *United States v. Fried*, 576 F.2d 787, 791 (9th Cir.1978). Only a "fair probability" is required. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The 119–page affidavit, with attachments, demonstrated that the defendant filled exceptionally large prescriptions for controlled substances to numerous patients of one doctor. While this alone would not necessarily establish Ozar committed a crime, it establishes a "fair probability" that Ozar knew or was deliberately ignorant of the doctor's unlawful prescription practices. *See* Cal. Health & Safety Code § 11153(a).

■ The district court did not consider Ozar's secondary argument that even if there was probable cause to issue a warrant, the warrant that issued was overly broad because it allowed the seizure of essentially every document in the business. Such a warrant is overly broad unless there is probable cause that the entire business is permeated with fraud. *United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995). Here only Ozar's handling of certain types of prescriptions for the patients of one doctor was allegedly fraudulent. The warrant on its face was overbroad.

■ The government maintains that the affidavits supporting the warrant explained more carefully the nature of the evidence to be seized and cured the overbreadth. The affidavits, however, did not accompany the warrant, so the officers' reliance on them does not remedy the overbreadth of the warrant itself. *United States v. McGrew*, 122 F.3d 847, 850 (9th Cir.1997).

■ The government also points out that some of the evidence may nevertheless have been admitted under the inevitable discovery doctrine because California law allows suspicionless administrative searches of pharmacies. Even without the warrants, the government could have conducted an administrative search for "[a]ll records of manufacture and of sale, acquisition, or disposition of dangerous drugs," and could have demanded "the names of the owner or owners, manager or managers, and employees together with a brief statement of the capacity in which these persons are employed on the premises." Cal. Bus. & Prof.Code §§ 4017, 4081(a), 4082. Thus, the government maintains that any evidence subject to an administrative search would have been inevitably discovered upon any lawful entry of the premises. Although this argument was made to the district court, it was not expressly considered. On remand, the district court should consider whether such a search would have been conducted, and what otherwise inadmissible evidence, if any, would have been discovered.

The order of the district court suppressing use of all the evidence against Ozar for lack of probable cause is vacated, and the matter is remanded for the court to consider whether there are any valid portions of the warrant that may be severed from the overbroad portions. *Kow*, 58 F.3d at 428. The district court should also consid-

er to what extent, despite the overbreadth, the evidence would have been discovered inevitably pursuant to an administrative search.

Order VACATED and REMANDED.

**REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.